# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KASSEM HEJEIJ<br>    Rouche District, Albahri Building<br>    Beirut, Lebanon<br>                                        *Plaintiff*,<br><br>        v.<br><br>STEVEN T. MNUCHIN<br>in his official capacity as<br>    Secretary of the Department of the Treasury<br>    1500 Pennsylvania Avenue, NW<br>    Washington, D.C. 20220<br><br>                                        *Defendant*,<br><br>      and<br><br>THE UNITED STATES DEPARTMENT<br>OF THE TREASURY, OFFICE OF FOREIGN<br>ASSETS CONTROL<br>    1500 Pennsylvania Avenue, NW<br>    Washington, D.C. 20220<br><br>                                        *Defendant*. | CIV. No. _____<br><br>COMPLAINT<br><br>ECF |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### NATURE OF THE CASE

1. On June 10, 2015, the United States Department of the Treasury designated Plaintiff Kassem Hejeij pursuant to Executive Order 13224 ("E.O. 13224").[1] By virtue of this designation, all of Plaintiff's property and interests in property within the United States or within the possession

---

[1] Press Release, *Treasury Sanctions Hizballah Front Companies and Facilitators in Lebanon and Iraq*, U.S. Dep't of Treasury, June 10, 2015, *available at* https://www.treasury.gov/press-center/press-releases/Pages/jl0069.aspx.

or control of U.S. persons, wherever located, are blocked and cannot be transferred, paid, exported, withdrawn, or otherwise dealt in.  Further, U.S. persons are generally prohibited from engaging in virtually all transactions in which Plaintiff is involved or receives a benefit.  Plaintiff's name has also been included on the United States Department of the Treasury Office of Foreign Assets Control's ("OFAC") List of Specially Designated Nationals and Blocked Persons ("SDN List").

2. Plaintiff has sought the rescission of his designation by filing a request for administrative reconsideration pursuant to OFAC's delisting procedures outlined at 31 C.F.R. § 501.807. Plaintiff's reconsideration case has been pending before OFAC for the past seven (7) months.

3. On October 2, 2017, Plaintiff also filed a request for the administrative record underlying his OFAC designation so as to have a meaningful opportunity to rebut the factual basis OFAC relied upon to designate Plaintiff.

4. On March 7, 2018, following more than five (5) months without any disclosure from OFAC as to the factual basis underlying Plaintiff's designation, Plaintiff filed a letter with OFAC requesting the immediate release of the administrative record underlying his designation.

5. On April 19, 2018, OFAC disclosed an unclassified version of that administrative record. The disclosed administrative record entirely redacts the section titled "Basis for Designation," and otherwise fails to provide Plaintiff with information regarding the factual and legal basis for his designation.  Moreover, OFAC did not provide a non-privileged and unclassified summary of otherwise privileged information contained in the record.

6. On June 11, 2018, Plaintiff filed a letter with OFAC requesting either disclosure of the redacted portions of the administrative record or disclosure of a non-privileged and unclassified summary of the classified and/or privileged information contained in the administrative record. Plaintiff's letter noted that OFAC routinely provides such unclassified summaries when it is unable

to disclose the full administrative record or where the redactions to the unclassified version of the administrative record fails to accord fair notice of the basis for a party's designation.

7. Plaintiff's letter expressly identified the categories of information believed to be necessary to his presentation of evidence and arguments as to why there was an insufficient basis for the designation or that the circumstances leading to the designation have changed. Exhibit A-June 11, 2018 Letter to OFAC.  Through that letter Plaintiff asserted that any forthcoming disclosure must include specific information relating to the time, manner, method, amount, and location of those activities serving as a basis for Plaintiff's designation.

8. OFAC has yet to respond to Plaintiff's letter, and has not disclosed an unclassified summary of the classified and/or privileged information contained in the administrative record.

9. Through this action, Plaintiff requests that the Court order Defendants to disclose an unclassified summary of the redacted portions of OFAC's administrative record, and that such disclosure provides the factual and legal reasoning, and supporting evidence, for determining that Plaintiff meets the criteria for designation under E.O. 13224.

10. Plaintiff has sought such information from Defendants on multiple occasions to no avail. Only an extraordinary remedy can compel disclosure and ensure that Plaintiff is provided the notice that is due him.  Accordingly, Plaintiff seeks judicial redress through a request for injunctive and/or declaratory relief.

**THE PARTIES**

11. Plaintiff Kassem Hejeij is and was at all times relevant herein a citizen of Lebanon. Plaintiff is currently residing in Rouche District, Albahri Building, Beirut, Lebanon.

12. On or about June 10, 2015, Plaintiff was designated pursuant to E.O. 13224, and his name was included on OFAC's SDN List. Exhibit B attached hereto is a true and accurate copy of OFAC's SDN List identifying Plaintiff as a Specially Designated National ("SDN").[2]

13. Defendant Office of Foreign Assets Control ("OFAC") is a United States federal administrative agency located at the United States Department of the Treasury, 1500 Pennsylvania Avenue, NW, Freedman's Bank Building, Washington, D.C. 20220. The United States Department of the Treasury is responsible for maintaining the financial and economic security of the United States. The United States Department of the Treasury is also responsible for overseeing various offices, including OFAC. Plaintiff is informed and believes thereon that OFAC is responsible for maintaining and administering the SDN List, including by placing persons on and removing persons from the SDN List. OFAC is also delegated the authority to take any action permitted the Secretary of the Treasury under E.O. 13224. *See* 31 C.F.R. § 594.802.

14. Defendant Steven T. Mnuchin is the Secretary of the Treasury of the United States. Mr. Mnuchin is sued in his official capacity.

**JURISDICTION AND VENUE**

15. This action arises under the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.*, and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

---

[2] Due to the significant length of the SDN List, Counsel has solely provided the specific page of the SDN List on which Plaintiff's name appears as part of this exhibit.

16.     Venue is proper in the District of Columbia pursuant to 28 U.S.C. §§ 1391(b) and (e), as the Defendants reside in this District.

### FACTUAL ALLEGATIONS

17.     The U.S. Treasury Department designated Plaintiff on June 10, 2015 pursuant to E.O. 13224.[3] This designation blocked all of Plaintiff's property and interests in property that are or thereafter come within the United States or within the possession or control of a U.S. person, wherever located.  In addition, Plaintiff's OFAC designation bars U.S. persons from engaging in any transactions with him.

18.     In its press release announcing Plaintiff's designation, the U.S. Treasury Department made broad conclusory allegations concerning Plaintiff's conduct and the basis for his designation. Specifically, Defendants alleged that Plaintiff "maintains direct ties to Hizballah organizational elements;" "has helped open bank accounts for Hizballah in Lebanon and provided credit to Hizballah procurement companies;" and "has [] invested in infrastructure that Hezbollah uses in both Lebanon and Iraq."[4]  These allegations comprise the totality of the alleged factual bases for designation thus far disclosed to Plaintiff.  Defendants have failed to provide or otherwise summarize any of the evidence used to support their allegations against Plaintiff, including, for instance, information relating to the identities of the parties; the dates of the activities; the specific locations in which the activities took place; etc.

19.     On October 2, 2017, Plaintiff sought administrative reconsideration of his OFAC designation.  OFAC's procedures provide that blocked persons may seek administrative

---

[3] PRESS RELEASE, *Treasury Sanctions Hizballah Front Companies and Facilitators in Lebanon and Iraq*, U.S. Dep't of Treasury, June 10, 2015, *available at* https://www.treasury.gov/press-center/press-releases/Pages/jl0069.aspx.
[4] *Id*.

5

reconsideration of their designation and to have it rescinded either by asserting that the initial designation was in error or that a fundamental change in circumstances has occurred to warrant delisting. 31 C.F.R. § 501.807.  Blocked persons may submit to OFAC, in writing, "arguments or evidence that the person believes establishes that [an] insufficient basis exists for the designation." 31 C.F.R. § 501.807(a).  Plaintiff's request for reconsideration contends that an insufficient basis exists for his OFAC designation or, alternatively, that there has been a fundamental change in circumstances to warrant rescission of his designation.  However, Plaintiff contends so without access to the factual or legal basis relied upon by OFAC to designate Plaintiff.

20. By letter dated October 2, 2017, Plaintiff requested a copy of the administrative record underlying his designation.  This request was sent to OFAC via Federal Express and electronic mail.  OFAC acknowledged this request on October 11, 2017.

21. Plaintiff followed up on his October 2, 2017 Request for the Administrative Record by submitting a letter to OFAC on March 7, 2018 seeking the immediate disclosure of the administrative record underlying his designation.

22. On April 19, 2018, OFAC provided Plaintiff with a copy of the unclassified version of the administrative record underlying his designation.  The entire "Basis of Designation" portion of this record is redacted and thus inaccessible to Plaintiff.  OFAC did not provide Plaintiff with a non-privileged and unclassified summary of privileged information contained in the administrative record so as provide notice to Plaintiff as to the "Basis of Designation" that was redacted from the administrative record.  The basis of the designation is precisely what was sought by Plaintiff's original request for the administrative record.

23.  Plaintiff's subsequent efforts to request disclosure of a non-privileged and unclassified summary of otherwise privileged information contained in the administrative record have fallen on deaf ears, as no such disclosure or response to Plaintiff's June 11, 2018 letter has been made.

24.  Plaintiff's efforts to understand the factual basis of his OFAC designation have been met with inaction by Defendants, thereby depriving Plaintiff a meaningful opportunity to respond to OFAC's designation in the delisting process.

## LEGAL CLAIMS

### COUNT I – VIOLATION OF PROCEDURAL DUE PROCESS

21.  Plaintiff Kassem Hejeij re-alleges and incorporates by reference as if fully set forth herein paragraphs 1-17, *supra*.

22.  Plaintiff is granted the right to petition Defendants for administrative reconsideration of his designation pursuant to OFAC's delisting procedures located at 31 C.F.R. § 501.807.

23.  Under the Fifth Amendment to the U.S. Constitution, Plaintiff has a due process right to adequate post-designation notice. Such notice requires Defendants to provide Plaintiff with the factual allegations and evidentiary basis for Plaintiff's OFAC designation, including by granting Plaintiff meaningful access to the administrative record underlying such designation.

24.  Absent the release of such materials, including the meaningful disclosure of evidence that OFAC relied upon to support its designation action, Plaintiff is unable to effectively respond to the allegations leveled against him and is thus being denied a meaningful opportunity to be heard.

25.  Defendants have failed to provide Plaintiff with meaningful access to the administrative record underlying his designation and have not offered any adequate substitute. Because Plaintiff has been denied access to the factual and legal basis of his OFAC designation, Defendants have

failed to provide Plaintiff with adequate notice for purposes of the Fifth Amendment to the U.S. Constitution and have thus acted in violation of Plaintiff's due process rights.

### COUNT II – VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

26.     Plaintiff Kassem Hejeij re-alleges and incorporates by reference as if fully set forth herein paragraphs 1-17, *supra*.

27.     Plaintiff is granted the right to petition Defendants for administrative reconsideration of his designation pursuant to OFAC's delisting procedures located at 31 C.F.R. § 501.807.

28.     In tandem with Plaintiff's right to request reconsideration of his OFAC designation, Plaintiff has an administrative due process right to adequate post-designation notice.  Such notice requires Defendants to provide Plaintiff with the basis for Plaintiff's designation, including by granting Plaintiff meaningful access to the administrative record underlying his designation.

29.     Defendants have failed to provide Plaintiff with meaningful access to the basis of his OFAC designation and have not offered any adequate substitute.  Because Plaintiff has been denied access to the factual and legal basis of his OFAC designation, Defendants have failed to provide Plaintiff with adequate notice for purposes of pursuing his right to administrative reconsideration and have thus acted in violation of the APA.

### RELIEF REQUESTED

WHEREFORE, Plaintiff Kassem Hejeij prays for injunctive relief and/or declaratory judgment from this Court:

1.  Declaring that Defendants' failure to provide Plaintiff with meaningful access to the administrative record underlying his OFAC designation violates Defendant's due

process obligations to provide adequate post-designation notice and denies Plaintiff a meaningful opportunity to challenge OFAC's designation through the delisting procedures outlined at 31 C.F.R. § 501.807;

2. Ordering Defendants to disclose the factual and legal basis, including evidentiary support, for Defendants' determination that Plaintiff meets the criteria for designation under E.O. 13224 so as to give Plaintiff adequate notice of the basis for his designation and a meaningful opportunity to respond.

3. All other relief that the Court deems proper.

August 15, 2018

                                                Respectfully submitted,

                                                /s/ Erich C. Ferrari
Erich C. Ferrari, Esq.
Ferrari & Associates, P.C.
1455 Pennsylvania Avenue, NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253